**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD PERLA,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **PROTON CONSULTING** | ) **COLLECTION PRACTICES ACT** |
| **SERVICES INC., a corporation;** | ) |
| **RAHUL SUTARIA, an individual,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Ronald Perla ("Plaintiff"), is a natural person residing in San Joaquin county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Proton Consulting Services Inc. ("Defendant PCS") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant PCS regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5. At all relevant times herein, Defendant, Rahul Sutaria ("Defendant Sutaria") was owner of Defendant PCS. As an officer, shareholder and/or director of Defendant PCS, Defendant Sutaria was responsible for the overall success of the company. Defendant Sutaria is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical

importance to Defendant PCS' business; as the owner of Defendant PCS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant PCS' affairs and Defendant Sutaria continued to play a key role in maintaining and expanding Defendant PCS' debt collection activities throughout the time in question.

## IV. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant PCS contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. In January 2011, Defendant PCS contacted Plaintiff in connection with an attempt to collect an alleged debt.

8. Defendant contacted Plaintiff at times and places that were known to be inconvenient and with such a frequency as to constitute harassment under the circumstances, including but not limited to calls at work.

9. Defendant used unconscionable means in an attempt to collect an alleged debt including but not limited to, falsely claiming that failure to pay the alleged debt would result to daily calls to Plaintiff's work and Plaintiff's supervisor that would case Plaintiff to be fired and lose his job.

10. On more than one occasion, Defendant threatened further legal action against Plaintiff including but not limited threats made during voicemails left on January 12, 2011 and January 17, 2011.

11. Defendant PCS' conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

c) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

d) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code §1788.10(f));

e) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

12. Defendant Sutaria as owner of Defendant PCS is directly responsible for Defendant PCS' violations.

13. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 18th day of June, 2011.

By: s/Todd M. Friedman_____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff